UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY R. ADAMS, individually
and as rightful heir of the estate of
John Kondas,

                Plaintiff,

-vs-                                              Case No.  8:04-cv-1885-T-24MAP

AXA ADVISORS, LLC/THE EQUITABLE
and BIJAN MOHSENI, individually and
as agent of AXA ADVISORS, LLC/THE
EQUITABLE,

                Defendants.
_____/

**O R D E R**

This cause comes before the Court for consideration of Plaintiff's motion to dismiss Defendant Bijan Mohseni's Bill of Costs. (Doc. No. 57). Defendant Bijan Mosheni ("Mosheni") filed a motion to strike Plaintiff's motion to dismiss Defendant Mohseni's Bill of Costs. (Doc. No. 58). Plaintiff also filed motion to dismiss AXA Advisors, LLC/The Equitable's Bill of Costs. (Doc. No. 59). Defendant AXA Advisors, LLC/The Equitable ("AXA") filed a response in opposition thereto. (Doc. No. 60).

**I.**      **Procedural Background**

On February 28, 2005, this Court entered an Order dismissing Counts I and II against Defendant Mohseni without prejudice and Counts III and IV against Defendant Mohseni with prejudice. The Court also dismissed Count V against Defendant AXA without prejudice. The Clerk was directed to close the case and terminate any pending motions. (Doc. No. 50). On March 3, 2005, Defendant Mohseni filed a Bill of Costs seeking reimbursement of $842.45 for

exemplification and copies. (Doc. No. 51). On March 4, 2005, the clerk taxed costs against Plaintiff in favor of Defendant Mohseni in the amount of $842.45. (Doc. No. 52). On March 9, 2005, Defendant AXA filed a Bill of Costs seeking $758.70 in total costs. Specifically, Defendant AXA sought reimbursement for the following expenses: (1) $150.00 for filing fees and (2) $608.00 for exemplification and copies. (Doc. No. 53). On March 18, 2005, the clerk taxed costs against Plaintiff in favor of Defendant AXA in the amount of $758.70. (Doc. No. 56).

**II.**     **Standard of Review**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs "shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." In accordance with Title 28 U.S.C. § 1920, the Court may tax the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in this case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in this case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

After the prevailing party files a verified bill of costs with the clerk, the opposing party may object. The objecting party has the burden to show that circumstances are such that an award of costs is not warranted in a particular case. 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 (3d ed. 1998).

**III.     Discussion**

As an initial matter, Defendant Mohseni moves to strike Plaintiff's motion to dismiss Defendant Mohseni's Bill of Costs as untimely (Doc. No. 58).  While the Court agrees the motion was untimely, the Court will consider Plaintiff's motion to dismiss Defendant Mohseni's Bill of Costs on its merits since it is largely duplicative of Plaintiff's motion to dismiss Defendant AXA's Bill of Costs and raises a valid objection.

Plaintiff does not dispute Defendants' entitlement to costs as prevailing parties.  However, Plaintiff objects to Defendants' requested costs on the basis that Defendants failed to provide itemization and documentation.  Specifically, Plaintiff contends that Defendants are attempting to recover costs for "internal copies"[1] without specifying what documents are included as "internal copies."  Plaintiff also contends that Defendants failed to explain why these copies were necessary for their use in this case.

Plaintiff further argues that Defendants should not be entitled to recover costs for "external copies"[2] relating to Plaintiff's copy costs in responding to Defendants' requests for production[3] since "these documents related to a completely different matter." (Doc. No. 57).  Plaintiff particularly objects to Defendant Mohseni attempting to recover $18.00 for 6 CDs provided to Defendant Mohseni by Plaintiff and Defendants' attempting to recover $11.00 respectively for deposition exhibits from deposition transcripts.  The Court will separately

---

[1] Internal copy costs total $133.20 for Defendant Mohseni and $125.20 for Defendant AXA.

[2] External copy costs total $709.25 for Defendant Mohseni and $304.00 for Defendant AXA.

[3] Plaintiff required Defendants to pay her copy costs prior to Plaintiff releasing discovery documents to Defendants.

address each category of costs.

      A.      Internal Copies

Section 1920 allows recovery of costs for copies of papers necessarily obtained for use in the case, but not for those obtained for the convenience of counsel. See Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. Id. Defendants have not adequately identified the nature of the "internal copies." Therefore, the Court will deny these costs.

      B.      External Copies

The "external copies" at issue are documents[4] produced by Plaintiff pursuant to Defendants' production requests. (Doc. Nos. 57 and 59). If copies are attributable to discovery they are a category of copies recoverable under §1904(4). See United States E.E.O.C. v. W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000)(citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). Therefore, the Court will award Defendants these costs.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Mohseni's motion to strike Plaintiff's motion to dismiss Defendant Mohseni's Bill of Costs (Doc. No. 58) is **DENIED**.

2. Plaintiff's motion to dismiss Defendant Mohseni's Bill of Costs (Doc. No. 57) is

---

[4] Including the 6 CDs of recorded telephone conversations produced to Defendant Mohseni and the deposition exhibits from the deposition transcripts.

     **GRANTED IN PART**. Defendant Mohseni's Bill of Costs previously taxed by the Clerk is reduced in the amount of $133.20. Defendant Mosheni is directed to file an Amended Bill of Costs by August 12, 2005, reflecting the adjusted amount of $709.25.

3.     Plaintiff's motion to dismiss Defendant AXA's Bill of Costs (Doc. No. 59) is **GRANTED IN PART**. Defendant AXA's Bill of Costs previously taxed by the Clerk is reduced in the amount of $125.20. Defendant AXA is directed to file an Amended Bill of Costs by August 12, 2005, reflecting the adjusted amount of $633.50.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of August, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record